NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-855

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 22860

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Doe appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level two sex offender.  Because we conclude that the hearing examiner erred in denying Doe's motion for expert funds, we vacate the judgment and remand the matter for further proceedings consistent with this memorandum and order.

Background.[1]  In 1995, Doe (then eighteen years old) kidnapped and raped a six year old girl.  Earlier that year, he groped a thirty-two year old woman on the street.  Based on these incidents, Doe pleaded guilty to two counts of rape of a child, one count of kidnapping of a child, and one count of

_____

[1] Given the limited scope of our ruling, we focus on those facts relevant to Doe's request for expert fees.

indecent assault and battery.  He was sentenced to from ten to twelve years in prison, followed by five years of probation.[2]

It is undisputed that Doe suffers from severe mental illness, including paranoid schizophrenia and schizoaffective disorder.  In fact, while serving his prison term, he was civilly committed for mental health concerns nine separate times.  He has received various treatments for his mental illnesses, including the administration of antipsychotic medicines.

In 2010, SORB classified Doe as a level three sex offender. He unsuccessfully petitioned for reclassification in 2016, and then reapplied in 2021, seeking to be classified as a level one offender or to be excused from having to register altogether. As part of the 2021 proceeding, Doe filed a motion for funds to hire a mental health expert.  The basis for this request was to evaluate the effect of mental health treatment on the risks he presented.[3]  Doe supported his motion with citations to scholarly articles.  For example, Doe cited a scientific study for the proposition "that the diagnosis of schizophrenia, mania or

---

[2] He received concurrent sentences of from ten to twelve years on the rape convictions, and a concurrent sentence of from eight to ten years on the kidnapping conviction.  The probationary term was imposed on the indecent assault and battery conviction.

[3] As Doe put it, "Only an expert who examines the Petitioner would be able to assess the risk that the Petitioner poses, if any, once he has been treated for his mental illness."

depression is negatively, if at all, related to further violent recidivism among individuals who receive psychiatry services." Rice, Harris & Quinsey, The Appraisal of Violent Risk, 15 Current Opinion In Psychiatry 589-593 (2002). The hearing examiner nevertheless denied Doe's request for funds. Weighing various statutory and regulatory factors, however, the hearing examiner ultimately reduced Doe's classification from level three to level two.

Discussion. "We review a judge's consideration of an agency decision de novo," Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019), "giv[ing] due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Id. at 88, quoting Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015).

As now codified in SORB's regulations, a motion for expert funds must "identify a condition or circumstance special to the sex offender and explain how that condition is connected to his or her risk of reoffence or level of dangerousness." 803 Code Mass. Regs. § 1.16(4)(a)(1) (2016). See Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008). The hearing examiner denied the requested funds on the ground that Doe failed adequately to explain the

connection between his mental condition and his risk of reoffense or level of dangerousness. Although the application no doubt could have contained a more comprehensive explanation of this nexus, we conclude that Doe's showing was sufficient. Indeed, at oral argument before us, SORB's counsel acknowledged that it appeared self-evident that Doe's mental illness likely contributed to his offending. It follows that, to the extent that Doe's mental illness can be, and is, treated, then Doe's risk of reoffense might well be reduced.[4] In our view, Doe established that treatment for his undisputed mental illness could bear on his risk of reoffending, and the hearing examiner abused his discretion in ruling otherwise.

Having concluded that the hearing examiner erred in denying Doe's motion for funds to retain an expert, we vacate the judgment affirming SORB's decision classifying Doe as a level two sex offender. A new judgment shall enter vacating SORB's

---

[4] As noted, Doe was receiving antipsychotic medications to treat his schizophrenia. SORB points to evidence in the record that suggests that such medicine may have done little to restore his competency to make informed medical decisions. Nothing in the record suggests that such treatment therefore necessarily also would be ineffective in reducing his risk of reoffending. Indeed, assessing such a question itself could benefit from an expert.

decision and remanding the matter to SORB for further proceedings consistent with this memorandum and order.[5]

<u>So ordered</u>.

By the Court (Vuono, Milkey & Hand, JJ.[6]),

Assistant Clerk

Entered:   January 2, 2024.

---

[5] We need not reach the other issues Doe has raised.  We express no view on Doe's proper classification level.

[6] The panelists are listed in order of seniority.